IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                             **PLAINTIFF**

**v.**                  **CASE NO. 4:17-CR-00293-BSM-25**

**BRITANNY CONNER**                                                   **DEFENDANT**

## ORDER

Britanny Conner's motion for compassionate release [Doc. No. 1687] is denied. Conner pleaded guilty to conspiracy to distribute and distribution of at least 500 grams, but less than 1.5 kilograms, of a mixture or substance containing a detectable amount of methamphetamine. Doc. No. 896. She was sentenced to 120 months of imprisonment and five years of supervised release. Doc. No. 1277. She moves for compassionate early release, pursuant to 18 U.S.C. section 3582(c)(1)(A), which requires consideration of 18 U.S.C. section 3553 sentencing factors.

Conner argues that she qualifies for compassionate release because of her lifelong issues with her hips and feet, which have led to multiple surgeries. Mot. Release at 16, Doc. No. 1687. Conner argues that she has an increased likelihood of developing COVID-19 complications, due to numerous post-surgery infections. *Id*. Conner argues that the challenge of adequately caring for herself in prison is an "extraordinary and compelling" reason that warrants compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). Conner points out that she has had no disciplinary issues while incarcerated and that she would have a stable living arrangement if she were granted compassionate release. Mot. Release at 16.

In response, the government argues that Conner is ineligible for a sentence reduction because she is a danger to the community. U.S.S.G. § 1B1.13; Resp. Mot. Release at 9, Doc. No. 1699. This is true because she is serving a prison sentence for distribution of methamphetamine, and she has a history of substance abuse and of violating conditions of release. Resp. Mot. Release at 10. Moreover, general concerns about coronavirus exposure do not satisfy the "extraordinary and compelling" requirement of section 3582.

Conner's request is denied because she is a danger to society, and there is no reason to revisit the Section 3553(a) factors that were considered at the time of sentencing. *See, e.g.*, *United States v. Ram*, 2020 WL 3100837, at *3 (E.D. Ark. June 11, 2020).

IT IS SO ORDERED this 19th day of October, 2020.

                                                                              UNITED STATES DISTRICT JUDGE